# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIM PARKER, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-6024 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| THOMAS J. DART, in his official capacity as | ) |
| Cook County Sheriff, COOK COUNTY, and | ) |
| JOE HURD, | ) |
| | ) |
| Defendants. | |

## ORDER

The defendants' partial motion to dismiss [54] is granted in part and denied in part. Parker's failure-to-accommodate claims brought under the ADA and ADAA in Count II are voluntarily dismissed. Parker's disability discrimination claim under the ADA/ADAA (Count III), sex discrimination claim under the Title VII (Count IV), and retaliation claim under Title VII and the ADA/ADAA (Count VII) are dismissed without prejudice for failure to exhaust administrative remedies. The Court does not dismiss Parker's corresponding Rehabilitation Act claims set forth in Counts II, III, and VII. Parker's race and age discrimination claims (Counts V and VI) are dismissed without prejudice for failure to exhaust administrative remedies to the extent that they are based on discriminatory conduct other than the denial of Parker's grievances. Parker's defamation per se claim (Count IX) is dismissed with prejudice.

## STATEMENT

The plaintiff, Tim Parker, brought this action against Cook County Sheriff Thomas Dart and Joe Hurd, alleging a multitude of discriminatory conduct and a defamation per se claim. The defendants now move to dismiss Parker's discrimination claims for failure to exhaust administrative remedies and to dismiss Parker's defamation claim based on the Illinois Tort Immunity Act.

Parker's IDHR complaint, which the defendants have attached to their motion to dismiss, alleged race discrimination, sex discrimination, age discrimination, disability discrimination, and retaliation resulting from an April 22, 2016, Labor Relations Board complaint. Parker's narrative charge alleged that, since March 1, 2016, he was harassed by Bernessa Tate and Sean Julian through their failure to address, and thereby denying, a grievance that he had filed against them. Parker alleges that individuals who were not part of a protected class were not harassed in this manner.

Notwithstanding the limited scope of these allegations, Parker's complaint in this case alleges that the defendants failed to accommodate his disabilities, disciplined him as a result of his disability, gave him undesirable assignments based on his sex, denied his grievance and subjected him to unsafe working conditions based on his age and race, and disciplined him and gave him to undesirable assignments as retaliation for prior protected conduct. The defendants accordingly move this Court to dismiss the above claims for failure to exhaust Parker's administrative remedies. As an initial matter, the Court notes that Parker has voluntarily dismissed his failure to accommodate claim under the ADA because it was not administratively exhausted. That claim is therefore no longer before this Court.

In order to maintain an employment discrimination claim, a plaintiff must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC or the IDHR. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). The scope of any subsequent proceedings is limited by the nature of the charges filed. *Id.* An aggrieved employee cannot complain of only certain instances of discrimination but then seek judicial relief for separate incidents. *Id.* Most EEOC complaints are submitted by laypersons rather than lawyers. A plaintiff therefore need not allege each and every fact giving rise to their judicial complaint in their EEOC charge. *Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). A plaintiff's claims, however, still must be "like or reasonably related to the allegations of the charge and growing out of such

allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc) (quoting *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971)), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976).

Here, Parker's charge of discrimination made reference to race discrimination, sex discrimination, age discrimination, disability discrimination, and retaliation. The only conduct alleged to be discriminatory, however, was Tate and Julian's denial of Parker's grievance, a recitation that Parker repeated for each form of discrimination that he identified. Parker now asserts that his IDHR charge alleged generalized harassment by his supervisors. This argument mischaracterizes the plain language of his allegations, which makes clear that the alleged harassment was exclusively manifested through the denial of his grievance. The denial of a grievance has no relationship to Parker's allegations of discriminatory discipline or being given undesirable or unsafe assignments. *See Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (recognizing that an EEOC charge and complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*). Accordingly, Parker failed to administratively exhaust his age, race, sex, and disability claims predicated on that conduct. Parker's complaint in this case does, however, properly allege that he was subject to race and age discrimination manifested by the denial of grievances. As that issue was properly raised in his EEOC complaint, those claims will be permitted to proceed on that limited factual basis.

Parker, in his response brief, notes that the defendants' arguments for dismissal fail to address his claims of disability discrimination and retaliation brought under the Rehabilitation Act. Parker further asserts that claims brought under section 504 of the Rehabilitation Act are not required to be administratively exhausted. *See generally Payne v. United States Marshals Service*, No. 15 C 5970, 2018 WL 3496094, at *3 (N.D. Ill. July 20, 2018) (Kennelly, J.) (recognizing conflicting authority concerning whether the Rehabilitation Act requires administrative exhaustion). The

3

defendants failed to address this argument or to offer any caselaw imposing an exhaustion requirement on Rehabilitation Act claims. The defendants have accordingly waived this issue, and this Court therefore declines to dismiss the Rehabilitation Act claims set forth in the plaintiff's complaint.

As a final matter, the defendants ask this Court to dismiss the plaintiff's claim of defamation per se. The plaintiff's defamation claim is premised on the contents of an incident report that Hurd completed which accused Parker of choking a detainee. Under the Illinois Tort Immunity Act, however, "[a] public employee acting in the scope of his employment is not liable for an injury caused by . . . the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." 745 ILCS 10/2-210. It is well established that the Illinois Tort Immunity Act applies to defamation claims like that here. *See Goldberg v. Brooks*, 948 N.E.2d 1108, 1114, 409 Ill.App.3d 106 (2011) (holding that a teacher who reported misconduct by a school bus driver was immune from defamation claims under the Illinois Tort Immunity Act). Accordingly, Parker's defamation per se claim must be dismissed.

Date: 12/3/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge